## Adler v. Dickstein et al.

*Welles, Mumford, Stark & McGrath,* for plaintiff.
*I. L. Epstein,* for defendants.

HOBAN, J., June 30, 1937.—This is a bill in equity for discovery and accounting and a declaration of liability of defendants to plaintiff as trustees. Defendants filed a petition questioning the jurisdiction of the court, under Equity Rule 29, and the disposition of this question is now before us.

Plaintiff is a judgment creditor of Windsor Knitting Mills, Inc., a New Jersey corporation. Defendants were officers and directors of Windsor Knitting Mills, Inc., and are averred to have in their possession certain assets of the corporation which plaintiff seeks to make available by this action to the satisfaction of his judgment. The bill in equity sets forth that the physical assets of the corporation were sold at public auction in New Jersey; that the accounts receivable were collected, and that the proceeds of the said sale and collection of accounts were received by defendants; that the corporation discontinued its business, distributed its assets, and became dissolved in point of fact; that under the laws of New Jersey the directors of the corporation after dissolution are clothed with continuing authority and responsibility to perform necessary corporate acts incident to disposition of corporate assets and are charged with responsibility for the settlement of corporate liabilities, as trustees; and that the directors in their individual capacities are jointly and severally responsible for the debts of the corporation to the amount of the moneys and property of the corporation which shall come into their possession as such trustees. Defendants plead as a bar to this suit a provision of the Corporation Laws of New Jersey:

"Judgment and execution against corporation prerequisite to sale of property of director or stockholder:

"No sale or other satisfaction shall be had of the property of any director or stockholder for any debt of the corporation of which he is director or stockholder till judgment be obtained therefor against such corporation and execution thereon returned unsatisfied, but any suit brought against any director or stockholder for such debts

shall stay after execution levied, or other proceedings to acquire a lien, until such return shall have been made": Laws 1896, art. IX, sec. 94, 2 N. J. Comp. Stats. 1655.

We are unable to consider the statute as a bar to the jurisdiction of this court. Its plain effect is to compel creditors to exhaust remedies against the corporation assets before enforcement of personal liability of directors or stockholders. But the primary purpose of the bill is to compel disclosure of corporation assets which if discovered may be subject to payment of corporation liabilities, and not to impose personal liability upon defendants. Under the statute law of New Jersey and the substantive law of trusts, such assets are subject to corporation debts. The procedure for establishing a claim against such assets is that of the forum in which the action is brought, in this case Pennsylvania. We think the situation here is exactly that covered by the following comment appended to sec. 161, A. L. I. Restatement of Conflicts:

"c. If the law of the state of incorporation provides that a statutory successor shall be subject to the obligations of the corporation, the liability of the statutory successor will be recognized in other states, but will not be enforced personally, but only to the extent of applying corporate assets to the satisfaction of claims of creditors."

By the provisions of New Jersey law, pleaded in the bill, the directors are statutory successors of the corporation, into whose hands its assets pass upon dissolution. The remedy sought here is that mentioned in the comment above cited, the application of corporate assets to the claim of a creditor, and may lawfully be sought in the court having jurisdiction of the persons who are in fact the statutory successors of the corporation in dissolution.

Now, June 30, 1937, the rule to show cause why the service upon defendants should not be set aside and the bill of complaint dismissed is hereby discharged, defendants to answer upon the merits within 30 days from the date hereof or suffer a decree pro confesso.